■ RICHARD ZLETZ, Respondent, v HERBERT WETANSON et al., Appellants. (Action No. 1.) RICHARD ZLETZ, Individually and on Behalf of Defendant Corporations, Respondent, v HISAE VILCA et al., Appellants. (Action No. 2.) [618 NYS2d 782] —Order, Supreme Court, New York County (Burton S. Sherman, J.), entered August 17, 1993, which, *inter alia,* denied defendants-appellants' cross motion for summary judgment dismissing the complaint in this consolidated action without prejudice to renewal after completion by plaintiff of all disclosure,

unanimously modified, on the law, to dismiss the first cause of action of Action No. 2 to the extent it sets forth claims of conspiracy and fraud and purports to be a shareholders' derivative suit, as well as the third, ninth, tenth and eleventh causes of actions, and, as so modified, affirmed, without costs.

Though the causes of action in each complaint are "unfocused" and "rambling", making it difficult to distill the claims that are alleged, certain claims can be dismissed since plaintiff does not controvert defendants' contention that they are without legal basis. New York does not recognize a conspiracy tort, plaintiff has not detailed a claim based on fraud and plaintiff has not shown that his purported shareholders' derivative claims are premised on any wrong done to a corporation. Thus, the first cause of action in Action No. 2 should be dismissed to the extent that it alleges "conspiracy" and undetailed "fraudulent" actions on defendants' part and purports to be a shareholders' derivative action. The third cause of action in Action No. 2 should be dismissed outright, since it purports to be brought on behalf of the various corporate defendants with no indication that plaintiff has standing to sue or that any wrong was done to the corporations. Since plaintiff does not dispute that the claims against defendant Roth & Co. are baseless because no privity existed between plaintiff and that accounting firm, the ninth, tenth and eleventh causes of action in Action No. 2 should be dismissed.

Questions of material fact remain regarding the surviving claims. Defendants maintain that plaintiff "used the monies which otherwise would have been due to him in respect of [certain leasehold deals] as the consideration for the purchase of his interest in his alleged partnership with [defendant] Wetanson and for the purchase of [his] stock interest in [defendant H. Gles Gourmet, Ltd.]". According to defendants, any partnership that existed was terminated when plaintiff voluntarily ended his restaurant management efforts after four months, since the vague handwritten agreement he signed with defendant Wetanson was, at most, a partnership at will. Plaintiff maintains that the consideration was given for an interest in the spin-off restaurant business that was to be pursued after his departure, which plaintiff called involuntary. The parties' positions are almost entirely based on differing interpretations of the brief handwritten agreement and on undocumented assertions about the extent of possible future business dealings.

Despite the very long history of this litigation, it is obvious that a sufficient record has not been developed to award

summary judgment at this point. Accordingly, as to the remaining causes of action, the IAS Court properly denied summary judgment with leave to renew upon completion of discovery. Concur—Sullivan, J. P., Rosenberger, Ellerin, Kupferman and Williams, JJ.